# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| MICHAEL A. MAXIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CV-260 |
| | ) | |
| WAL-MART STORE, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Michael A. Maxie, a *pro se* plaintiff, filed this case by completing a form complaint for a 42 U.S.C. § 1983 claim. (DE 1.) The same day, he also filed a motion for leave to proceed *in forma pauperis*. (DE 2.) Upon review of the allegations in Maxie's complaint, it does not appear that he has stated a claim upon which relief may be granted. Therefore, the Court must dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Maxie's complaint contains two pertinent paragraphs. In section II of the form complaint, entitled "Cause(s) of Action with Supporting Facts," Maxie wrote the following:

> I (Michael Maxie) is suing Wal-Mart Store for harrassing and humiliating me in Wal-Mart Store in front of Wal-Mart employee and customer for no reason on Dec. 14, 2008, in South Bend, IN 46614 located on 700 W. Ireland Rd. On Dec. 14, 2008, I (Michael Maxie), and a young lady was walking out of Wal-Mart Store after purchasing some items. As we walk pass the alarm with the merchandise we was ask to come back in the store by a undercover store security officer, and a Wal-Mart Store employee. As we came back into the store they ask us to pull out are merchandise, and do we have a receipt for them. We said yes. Then we gave them the receipt as well. We explain we didn't take anything, and the alarm didn't go off. So after explaining to them them pull out all the items we purchase in front of the store on a table where customer, and Wal-Mart employee was watching us as if we stole something. After they check the items with the receipt they let us go. The only reason I know that they did this was because we are a black man, and she a white lady. Discrimination cause of are race. (Discrimination Act Rights 1964 Title VII) Never have I seen a customer get treated the way we did in Wal-Mart Store. We was single out cause of are race. I

> mad a complaint with (Federal Trade Commission). They said that Wal-Mart broke federal, and state law by the complaint made.

(DE 1 at 2-3.) In section IV, Maxie writes that his prayer for relief is:

> I (Michael A. Maxie) want a formal apology for what Wal-Mart Store did me and demand $50,000.00 for damage for single us out cause of are race, and treated us the way they did in front of Wal-Mart employee, and Wal-Mart customer in the middle of the store by pulling all are merchandise out on a table in Wal-Mart.

(*Id*. at 3.)

In reviewing a complaint under § 1915(e)(2)(B)(ii), courts apply the same standard as applies to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). The minimum requirements for pleading a claim for relief are contained in Federal Rule of Civil Procedure 8. That rule requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) meanwhile provides for the dismissal of claims that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

The Supreme Court has retooled its interpretation of the pleading standards in recent years, beginning with its opinion in *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007). In the context of a motion to dismiss for failure to state a claim, the Court stated that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (quotation marks and brackets omitted). More recently, the Court readdressed the *Bell Atlantic* decision and stated: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation marks omitted). Determining whether

a complaint states a plausible claim for relief requires me to draw on my judicial experience and common sense. *Id*. at 1950. And although at this stage I must accept all allegations as true and draw all reasonable inferences in the complainant's favor, I don't need to accept threadbare legal conclusions supported only by mere conclusory statements. *Id*.

Two weeks after *Bell Atlantic*, the Supreme Court decided *Erickson v. Pardus*, 127 S.Ct. 2197 (2007). In *Erickson* the Court also took up the issue of pleading standards, but this time in the context of *pro se* litigation. In *Erickson*, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). *Id*. at 2200. The Court further noted that "[a] document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id*. (quotation marks and citations omitted).

In an effort to reconcile *Bell Atlantic* and *Erickson* the Seventh Circuit has read those cases together to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). But the Seventh Circuit has cautioned courts not to "overread" *Bell Atlantic*. *See Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008). *See also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008). *Bell Atlantic* essentially "impose[s] two easy-to-clear hurdles." *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). "First, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id*. (quotation

3

marks and ellipses omitted). "Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Id.* (quotation marks omitted).

The question before me is whether Maxie's complaint has alleged enough facts to make his claim for relief plausible. In particular, I'm concerned with whether Maxie's factual allegations are so sketchy that they do not provide Wal-Mart with sufficient notice of his claims. And I must answer this question mindful that Maxie is a *pro se* litigant and therefore entitled to leeway in interpreting his pleading. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). In doing so, I should not be concerned with whether Maxie has pointed to the correct statute so much as whether relief can be granted on the facts he has presented. *See Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992).

Maxie initiated this suit on a form § 1983 complaint. So I will start my analysis with § 1983. Section 1983 provides, in pertinent part, that

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. As is plain from the statute, § 1983 only applies against those that act under the color of law. In other words, the defendant must be a state actor. *See Wilson v. McRae's, Inc.*, 413 F.3d 692, 693 (7th Cir. 2005). Wal-Mart is not a state actor, it is a private entity. But "[p]rivate entities may be treated as state actors when the state effectively transfers authority to them." *Id.* Such a transfer of authority occurs when a shopkeeper "strike[s] a deal with the police under which the police simply carry out the shopkeeper's directions. If the police promise

to arrest anyone the shopkeeper designates, then the shopkeeper is exercising the state's function and is treated as if he were the state." *Id.* (quoting *Gramenos v. Jewel Companies, Inc.*, 797 F.2d 432, 435 (7th Cir. 1986)) (quotation marks omitted). But there's no hint of that type of deal in Maxie's complaint. The police didn't come and arrest Maxie on Wal-Mart's word alone because Wal-Mart apparently didn't call the police at all. And nothing in the complaint indicates that the South Bend police have effectively transferred their authority to Wal-Mart regarding shoplifters. Absent some factual allegation that could lead me to that conclusion, Maxie's complaint fails to state a claim under § 1983.

Maxie also references Title VII in his complaint. (*See* DE 1 at 3.) But Title VII only applies in the context of an employment relationship. *See* 42 U.S.C. § 2000e-2. Besides, in order to bring a Title VII claim, Maxie would have had to first obtain a right to sue letter from the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1). Nothing in the complaint suggests he has. So Title VII does not offer him an avenue for relief.

Judge Moody has recently noted that "[i]t appears that customers who allege racially motivated mistreatment most commonly bring suit under 42 U.S.C. § 1981 and § 1982." *Range v. Wal-Mart Supercenter*, No. 3:08 CV 09, 2008 WL 1701870, at *3 (N.D. Ind. Apr. 8, 2008) (collecting cases). So because Maxie is a *pro se* plaintiff, I will examine whether he has stated a claim under either of those statutes. But neither saves the day for him.

Section 1981 provides, in pertinent part, that all people in the United States "have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of the laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a). In order to state a claim under § 1981, the

5

Maxie must allege that (1) he is a member of a racial minority; (2) Wal-Mart had the intent to discriminate on the basis of his race; and (3) the discrimination concerned the making or enforcement of a contract. *See Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 756 (7th Cir. 2006). The statute defines the phrase "make and enforce contracts" as including "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). But it does not include conduct occurring after the formation of the contract. *See Bishop v. Toys "R" Us-NY LLC*, 414 F. Supp. 2d 385, 392 (S.D. N.Y. 2006). Thus, courts have held that "there is no continuing contractual relationship," but rather "the relationship is based on a single discrete transaction - the purchase of goods." *Id*. (quotation marks omitted). *See also Range*, 2008 WL 1701870, at * 3-4. In this case, Maxie has only made allegations satisfying the first and second requirements, but he has not alleged that Wal-Mart's discrimination concerned the making or enforcement of a contract. Maxie's transaction was complete when the security guard stopped him, and Maxie was allowed to keep the items he purchased. In short, Maxie's complaint does not state a claim under § 1981 because nothing in the complaint suggests Wal-Mart discriminated against him *with respect to making and enforcing a contract*.

Nor can Maxie's complaint be construed to state a claim under § 1982. That statute states that all U.S. citizens "shall have the same right . . . as is enjoyed by white citizens . . . to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. To state a claim under § 1982, Maxie must allege that Wal-Mart interfered with his rights regarding real or personal property. *See City of Memphis v. Greene*, 451 U.S. 100, 121-122 (1981). Because Maxie alleges the discrimination occurred after he made his purchases and

because Wal-Mart did not take his property (but merely - albeit rudely, according to Maxie - asked to see the receipt), the complaint does not allege that Wal-Mart interfered with his rights regarding personal property.

Because none of these statutes apply, it does not appear that Maxie's complaint can be construed to state a claim under federal law, even giving him the benefit of liberal construction. So the only way for Maxie to avoid dismissal at this point is if he has stated a claim under state law. But in order for this Court to have subject matter jurisdiction over purely state law claims, Maxie would need to establish that he and Wal-Mart are not citizens of the same state and that the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. He makes no allegations about either parties' citizenship, and he specifically states he is seeking $50,000.00. (DE 1 at 3.) Regardless of citizenship, the amount in controversy doesn't meet the minimum for diversity jurisdiction. So Maxie's complaint doesn't present a state law claim that this Court can decide either.

## CONCLUSION

For the foregoing reasons, Maxie's motion for leave to proceed *in forma pauperis* [DE 2] is **DENIED**, and the case is **DISMISSED WITHOUT PREJUDICE**. If Maxie chooses, he may amend his complaint to correct the deficiencies outlined in this Order. But he must do so by **July 20, 2009**. If Maxie fails to amend his complaint before that date, the case is subject termination without further notice.

**SO ORDERED**.
ENTERED: June 19, 2009

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT